Tilghman C. J.
Benjamin. Davis and Catherine Davis were administrators of David Davis. Catherine died and Benjamin survived. John Shelby took out letters of administration, on the estate of Catherine Davis, and; entered into a bond for the due administration of her estate, with James Maxwell and Philip Davis his securities* Benjamin Davis settled his. account as administrator of David Davis, in which he was charged with the zvhole personal estate. Certain proceedings took place in the Orphan’s-Court, in which auditors were appointed by the consent of the parties to. ascertain how much of .the estate of David Davis-had been received by Catherine Davis, and. not accounted .for. These auditors made a report which was confirmed by the Orphan’s Court. But, although this report was intended to shew how much was due from Catherine Davis, yet still Benjamin- remained charged with the whole estate of David Davis. Benjamin• Davis *549 brought the present suit on the administration bond of the estate of Catherine Davis, to recover the amount of thatpart of the estate of David Davis which Catherine had received and not accounted for. Benjamin died pending the action ; after which, John Dailey, who had taken letters de bonis non on the estate of David Davis, was substituted as plaintiff.On the trial of the cause in the Court below, a bill of exceptions was taken to the Court’s opinion on a question of evidence. But the principal point now relied on by the plaintiff in error is, that the present plaintiff, John Dailey, cannot support the action. If the action be supportable, what is received will go into the estate of David Davis. But that would be wrong, because David Davises estate has been fully credited in the account of Benjamin Davis. It is the administrator of Benjamin Davis, therefore, and not the administrator de bónis' non -of David* Davis, who is entitled to recover from the estate of Catherine Davis. As all this is apparent on the-record, the judgment which was given for the plaintiff below is erroneous, and must be reversed.
Yeates J:
The only difficulty in this' case' arises‘from the complication of facts which gave birth to the suit: when once understood, no doubt can arise on the-law.
The plaintiffs in- error were securities in the administration bond taken on the estate of Catherine Davis, and judgment has been obtained on it. The defendant is administrator of the effects of David Davis, (the former husband of Catherine j) unadministered by Benjamin Davis. The aforesaid'Catherine and Benjamin joined in taking out letters of administration in the first instance, and Benjamin survived her.' 'Afterheideath, lie settled an account before the registers, which being questioned in the Orphan’s Court by Shelby, the administrator of! Catherine, was agreed to be referred to auditors with special- powers. An account was afterwards stated- by those auditors,, and returned to' the Orphan’s Court, finding that the representatives of Catherine were indebted- to Benjamin 60 pounds, IT shillings, and 10 pence, and that he owed the estáte of David Davis a balance of 470 pounds, 10 shillings, and ,8i pence, which was confirmed.
It is manifest, then, that the whole of the personal estate of David was comprehended, in'this account; and if the settlement was correct; Catherine, at the time of her death, was *550 indebted to Benjamin, in their individual characters, the sum of 60 pounds, 17 shillings, and 10 pence, for which an action could have been supported by Benjamin, or his personal representatives, against Shelby, the administrator of Catherine. The scire facias, issued on the judgment, is grounded on the assumed fact that the securities in the- administration bond were responsible for this sum, and some supposed errors in the settlement made by the auditors was the foundation of the defence, and testimony was offered to that effect. It is immaterial to consider whether this testimony was improperly over-ruled or not, if we are satisfied that the scire facias could be supported. Now, admitting the fact of delinquency on the part of Catherine, and that Benjamin was made chargeable for more than he received in the course of administration, it does not follow that the plaintiffs in error were liable therefor. 'The money is claimed by Dailey as representing David Davis, but by the transactions which have taken place, it has become a private debt due to the - estate of Benjamin, and for which no other suit would be maintained, except against Shelby, the administrator of Catherine. The securities are responsible for the faithful discharge of the trust reposed in the administrator of Catherine Davis, but not from any balance due from him individually to Benjamin Davis, representing the estate of David Davis. I am, therefore, of opinion, that the judgment of the Court of Common Pleas be reversed.
Gibson J. concurred.
Judgment reversed.